<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN M. MOOR, *individually,* and THE ESTATE OF JOHN J. WATTERS, *Susan M. Moor as General Administratrix and Administratrix ad Prosequendum of the Estate*,<br><br>Plaintiffs,<br>v.<br><br>ALLIANCE HC 11 LLC d/b/a/ ANDOVER SUBACUTE AND REHABILIATION II d/b/a WOODLAND BEHAVIORAL AND NURSING CENTER, *et al.*,<br><br>Defendants. | Civ. A. No. 3:22-cv-4472 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiffs Susan M. Moor and the Estate of John J. Watters' (hereinafter, "Plaintiffs") Motion to Remand (the "Motion"). (*See* Pls.' Mot., ECF No. 6.) Defendants Alliance HC 11 LLC d/b/a Andover Subacute and Rehabilitation II d/b/a Woodland Behavioral and Nursing Center, Woodland Behavioral Nursing Center, Andover Subacute and Rehabilitation II, Chaim Scheinbaum, and Louis Schwartz (collectively, "Defendants") opposed (*see* Defs.' Opp'n, ECF No. 11), and Plaintiffs replied (*see* Pls.' Reply, ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78 and Local Civil Rule 78.1. For the reasons set forth herein, this matter is remanded to the New Jersey Superior Court, Law Division, Ocean County for all further proceedings.

I.     **BACKGROUND**

The decedent in this action, John J. Watters, died on April 23, 2020, from a "COVID-19 virus infection" at one of Defendants' long-term elder care facilities, Andover Subacute II. (*See* Pls.' Compl. ¶¶ 2, 16, Notice of Removal Ex. A, ECF No. 1-1.)  In the underlying Complaint, Plaintiffs assert the following four claims: (1) for violations of N.J. Stat. Ann. § 30:13 *et seq.* and the Omnibus Budget Reconciliation Act of 1987; (2) for medical malpractice and professional negligence; (3) negligence; and (4) gross negligence. (*See generally* Pls.' Compl.)

Defendants removed the action to this Court alleging that federal jurisdiction is proper for the following reasons: (1) Defendants state, they have asserted colorable federal defenses of immunity and preemption in accord with the Public Readiness and Emergency Preparedness Act (the "PREP" Act) (*see* Notice of Removal ¶¶ 18-78, ECF No. 1); (2) jurisdiction exists under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1) (*see id.* ¶¶ 79-112); and (3) there is an embedded federal question in Plaintiffs' Complaint that "raises substantial questions concerning the application of various provisions of the PREP Act" (*see id.* ¶ 119).

To begin, the Court notes that this is not Defendants' first attempt at asserting jurisdiction on similar grounds in the District of New Jersey.  Defendants previously sought to remove a similarly situated complaint, which was remanded by the district court. *See Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518 (D.N.J. 2020).  On appeal, the Third Circuit upheld the remand.[1]  *See Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 400 (3d Cir. 2021)

---

[1] The Fifth, Sixth, Seventh, Eighth and Ninth Circuit Courts of Appeal have issued similar dispositions upon consideration of the same or substantially similar issues to that considered by the Third Circuit. *See generally Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580 (5th Cir. 2022); *Hudak v. Elmcroft of Sagamore Hills*, 58 F.4th 845 (6th Cir. 2023); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210 (7th Cir. 2022); *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021); *Saldana v. Glenhaven Healthcare, LLC*, 27 F.4th 679 (9th Cir. 2022).

(per curiam), *reh'g en banc denied*, No. 20-2833 (Feb. 7, 2022). As is the case here, Defendants asserted PREP Act preemption, embedded federal question jurisdiction, and federal officer jurisdiction as the bases for removal, all of which were rejected by the Third Circuit. *See id.* Since that time, Defendants have sought to remove at least two additional cases in this District, both of which were also remanded based on the Third Circuit's ruling in *Maglioli*. *See Le Carre v. Alliance HC 11 LLC*, No. 21-20226, 2022 WL 2805639 (D.N.J. July 18, 2022) (remanding the matter pursuant to *Maglioli*); *see Iannuzzelli v. Alliance HC 11, LLC*, No. 22-4473, 2022 WL 16822575 (D.N.J. Nov. 8, 2022) (remanding pursuant to the same).

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by an Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the [defendants], to the district court[.]" 28 U.S.C. §1441(a). At all stages of litigation, the defendant bears the burden of proving federal jurisdiction is proper. *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (collecting cases).

The matter "must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens*, 853 F. Supp. 2d at 465 (citing 28 U.S.C. § 1447(c)). Further, a court "should strictly construe removal statutes and resolve all doubts in favor of remand." *Id.* at 466 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("The district court must resolve all contested issues of fact and uncertainties of law in favor of [the p]laintiff.").

## III.   DISCUSSION

In their Motion, Plaintiffs articulate three principal arguments in support of remand. First, Plaintiffs argue that application of collateral estoppel is appropriate to preclude the assertion of

3

jurisdiction under the theories of federal preemption, federal officer removal, and the existence of an embedded federal question because the Third Circuit has already addressed these exact issues in *Maglioli*. (*See* Pls.' Moving Br. 11-13, ECF No. 6.)  Next, Plaintiffs contend that their claims are not completely preempted by the separate cause of action for willful misconduct under the PREP Act (*see id.* at 14-17).  Finally, Plaintiffs argue that Defendants are not federal officers for purposes of the federal-officer-removal statute (*see id.* at 18-21).

A.      **Collateral Estoppel**

Plaintiffs assert that collateral estoppel applies in this case based on the Third Circuit's decision in *Maglioli*. (*See* Pls.' Moving Br. 11-13.)  "Offensive collateral estoppel occurs whenever a plaintiff seeks to estop a defendant from relitigating an issue which the defendant previously litigated and lost against another plaintiff." *Raytech Corp. v. White*, 54 F.3d 187, 190 n.5 (3d Cir. 1995) (citing *ParkLane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)).

Plaintiffs here aver,

> [D]efendants, and their counsel, fully litigated all of their claims for removal to the Third Circuit months ago.  Since that time, no new essential facts have arisen between the Third Circuit's decision and now.  Indeed, the claims in the instant matter arise from the same allegations of negligence against [D]efendants in their administration of the nursing home, during the Covid-19 outbreak, as in the *Maglioli* matter.  Any new arguments [D]efendants raise with respect to preemption or federal officer removal were fully available to them at the time the Third Circuit decided *Maglioli*, and they simply chose not to raise such claims.

(Pls.' Moving Br. 12.)

Defendants respond that application of collateral estoppel to the instant matter is inappropriate because the issues here are not identical to those litigated in *Maglioli*. (*See* Defs.' Opp'n Br. 2-3, ECF No. 11 (quoting *Maglioli*, 16 F.4th at 409-10).)  Defendants argue that Plaintiffs' Complaint in this case, unlike the complaint in *Maglioli*, alleges willful misconduct,

4

which *is* preempted by the PREP Act. (*See id.*) Specifically, Defendants contend that Plaintiffs' use of the words "willful," and "intentional" in the Complaint to describe Defendants' conduct is sufficient to defeat application of the Third Circuit's decision in *Maglioli*. (*See id.* at 3.) Plaintiffs respond by emphasizing that the PREP Act sets forth an "express, statutory definition for willful misconduct," that is not implicated by the mere inclusion of the term "willful." (Pls.' Reply Br. 15.) Plaintiffs also highlight that their Complaint is nearly identical to the underlying complaint remanded by this Court in *Le Carre v. Alliance HC 11 LLC*, No. 21-20226, 2022 WL 2805639 (D.N.J. July 18, 2022), except that the *Le Carre* complaint included an additional wrongful death claim. (*See id.* at 16.)

Attachment of collateral estoppel will result if the litigant seeking its imposition is able to demonstrate four factors: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Raytech Corp.*, 54 F.3d at 190 (citing *United Indus. Workers v. Gov't of V.I.*, 987 F.2d 162, 169 (3d Cir. 1993)). If the facts essential to the determination of the previously litigated issue have changed, then the Court should decline application of the doctrine to the current matter. *Montana v. United States*, 440 U.S. 147, 157-58 (1979). When considering whether to exert offensive preclusion, "the Supreme Court has instructed that courts must take special care to ensure that its application does not work unfairness to [the] party against whom estoppel is asserted." *Raytech Corp.*, 54 F.3d at 190.

Here, the parties do not appear to contest that the matter was actually litigated before both the federal trial and appeals court in *Maglioli*, or that Defendants were fully represented in that case. The previous determination's necessity to the decision appears similarly not in dispute, in

5

other words, the issues decided by the Third Circuit are those the parties "actually deem important, and not [those] on incidental matters." *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 250 (3d Cir. 2006) (quoting *Lynne Carol Fashions, Inc. v. Cranston Print Works Co.*, 453 F.2d 1177, 1183 (3d Cir. 1972)). Defendants do, however, challenge the presence of identical issues in *Maglioli* and the instant action, maintaining that Plaintiffs' Complaint is completely preempted because throughout the pleading Plaintiffs describe Defendants' conduct as willful. (*See* Defs.' Opp'n Br. 2-4.)

"To support application of collateral estoppel, the issues as to which a party seeks preclusion must be 'identical' or 'in substance the same' as the issues determined in the prior litigation." *Glictronix Corp. v. Am. Tel. & Tel. Co.*, 603 F. Supp. 552, 564 (D.N.J. 1984) (citing *Montana*, 440 U.S. at 155 & *Blonder-Tongue Lab's, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323 (1971)). The issues under consideration here are the same as those in *Maglioli*. Moreover, they are the same as the issues the Court considered, and nevertheless, still remanded in *Le Carre*, 2022 WL 2805639 and *Iannuzzelli*, 2022 WL 16822575. As explained further below, Defendants' argument that Plaintiffs' use of "willful' to describe Defendants' conduct states a claim under the PREP Act is unavailing. (Defs.' Opp'n Br. 3.) Accordingly, application of collateral estoppel is appropriate.

### B. PREP Act Preemption

Defendants removed Plaintiffs' Complaint to this Court on the basis that Plaintiffs' state claims are completely preempted by the PREP Act, which creates an exclusive cause of action for willful misconduct. (*See* Notice of Removal ¶ 18.) Defendants claim that "where a cause of action falls within the scope of the PREP Act, the PREP Act completely preempts that cause of action and confers federal subject matter jurisdiction thereon." (Notice of Removal ¶ 28.)

The Third Circuit in *Maglioli* explained that while in most instances a federal preemption defense will not facilitate removal because it is not ascertainable from the well-pleaded complaint, when Congress "so completely pre-empt[s] a particular area that any civil complaint raising [the] select group of claims is necessarily federal in character," *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987), the complaint reflects a federal question sufficient to justify jurisdiction. *See Maglioli*, 16 F.4th at 407. Removal of the matter is appropriate only if completely preempted, *i.e.*, only if the sovereign federal statute "provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing the cause of action." *Id.* (quoting *Beneficial Nat'l Bank Ass'n v. Anderson*, 539 U.S. 1, 9 (2003)).

The Third Circuit held that the PREP Act "unambiguously creates an exclusive federal cause of action . . . 'against a covered person for death or serious physical injury proximately caused by willful misconduct.'" *Id.* at 409 (quoting 42 U.S.C. § 247d-6d(d)(1)). However, "[j]ust because the PREP Act creates an exclusive federal cause of action does not mean it completely preempts the estates' state law claims." *Id.* at 410. A cause of action for willful misconduct under the PREP Act has several elements. The plaintiff must show: "(1) 'an act or omission' that is taken (2) 'intentionally to achieve a wrongful purpose,' (3) 'knowingly without legal or factual justification,' and (4) 'in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit[,]'" quoting 42 U.S.C. § 247d-6d(c)(1)(A), and "the action must be [asserted] (5) 'against a covered person,' (6) 'for death or serious physical injury' that is (7) 'proximately caused by [the covered person's] willful misconduct,'" quoting *id.* § 247d-6d(d)(1). *Maglioli*, 16 F.4th at 410. The plaintiff must prove these elements by "clear and convincing evidence." *Id.* § 247d-6d(c)(3).

Defendants point to multiple instances in Plaintiffs' Complaint where the terms "willful" and "intentional" appear to support their argument that the allegations rise to a willful misconduct claim within the definition of the PREP Act. The Court disagrees with Defendants' argument. None of the allegations support the inference that Defendants "acted with intent 'to achieve a wrongful purpose,' or with knowledge that their actions lacked 'legal or factual justification[,]'" sufficient to justify the conclusion that Plaintiffs were able to assert their claims under the PREP Act. *Maglioli*, 16 F.4th at 411. Instead, Plaintiffs' use of "willful" and "intentional" relate to Plaintiff's claim of gross negligence and Defendants' alleged breach of a duty to provide proper care. (*See, e.g.*, Compl. (Count Two: Medical Malpractice and Professional Negligence) ¶ 4 ("Defendants were negligent, grossly negligent, flagrant, willful, wanton, reckless, malicious and/or intentional in breaching the duty they owed to [the decedent]."); *see id.* (Count Four: Gross Negligence) ¶¶ 9, 10 (foreseeable that willful and/or reckless failures to maintain staff in sufficient numbers), ¶ 12 (describing willful and/or reckless failure to utilize resources), ¶ 13 (willful and/or reckless in permitting staff to care for disproportionately large number of residents), ¶¶ 14, 15 (foreseeable that harm would result from willful and/or reckless failure to procure and provide PPE to employees), ¶¶ 21, 22 (willful and/or reckless failure to exercise the diligence required of a long-term skilled nursing care facility), ¶ 24 (willfully, and with conscious disregard for resident safety by repeated violations of Nursing Home Care Act). The Court cannot infer from these allegations that the nursing home acted with intent "to achieve a wrongful purpose," or with knowledge that their actions lacked "legal or factual justification" to permit Plaintiff to bring their claim under the PREP Act. *Maglioli*, 16 F.4th at 410 (citing 42 U.S.C. § 247d-6d(c)(1)(A)). The PREP Act's cause of action for willful misconduct "establish[es] a standard for liability that is more stringent than a standard of negligence in any form or recklessness." *Id.* at 410-11 (citing

*Id.* § 247d-6d(c)(1)(B)). Therefore, Plaintiffs' claims are not completely preempted by the PREP Act.

    **C.**    **Embedded Federal Question**

Defendants appear to raise, verbatim, the same embedded federal question argument in the instant action as they did in previous matters before this Court and in *Maglioli*. (*Compare* Defs.' Opp'n Br. 27, ECF No. 11 ("in the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct . . . ") *with* Defs.' Opp'n Br. 27, *Iannuzzelli v. Alliance HC 11, LLC*, No. 22-4473, 2022 WL 16822575 (D.N.J. Nov. 8, 2022) (stating the same exactly), *with* Defs.' Opp'n Br. 30, *Le Carre v. Alliance HC 11 LLC*, No. 21-20226, 2022 WL 2805693 (D.N.J. July 18, 2022) (stating the same), *with* Appellants' Opening Br. 63, *Maglioli*, 16 F.4th 393 (3d Cir. 2021), ECF No. 28 (stating the same).

In *Maglioli*, the Third Circuit held that no embedded federal question under the PREP Act existed because PREP Act preemption was, at best, an anticipatory federal defense. *See Maglioli*, 16 F.4th at 413 ("The estates would properly plead their state-law negligence claims without mentioning the PREP Act, so the PREP Act is not 'an essential element of the plaintiff[s'] state law claim.'" (alteration in original) (quoting *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014))). The Third Circuit explained that the defendants' argument failed at the *Grable* test's first step because "a PREP Act preemption defense is not 'necessarily raised' by a well-pleaded state-law negligence complaint.'" 16 F.4th at 413 (citing *Grable & Sons Metal Prod., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (The *Grable* test requires that the federal issue must be "(1) necessarily raised, (2) actually disputed, (3)

9

substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). "In other words, Plaintiffs properly plead their negligence claims without mentioning the PREP Act, so the PREP Act is not an essential element to the state law claim." *Iannuzzelli*, 2022 WL 16822575, at *4 (citing *Manning v. Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 165 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016)). Collateral estoppel applies equally to Defendants' argument that removal is appropriate on grounds of an embedded federal question.

### D.     Federal-Officer-Removal Statute

Finally, Defendants argue that removal is proper under the federal-officer-removal statute, 28 U.S.C. § 1442(a)(1) and that Plaintiff's reliance on *Maglioli* is misplaced as the Court "failed to analyze the direct control exercised by CMS, the CDC, and other federal agencies and the fact that Defendants were carrying out duties which the federal government proclaimed were its own. The Court did not analyze additional key facts such as the fact that HHS and CMS issued a rule requiring skilled nursing facility[ies] to conduct regular testing of residents and staff for COVID-19." (*See* Defs.' Opp' Br. 26.) Plaintiffs argue that "no circuit or district court has found that federal officer removal is available to long-term care facilities like the Defendants in the instant action, and Defendants fail to present any basis that would satisfy the relevant statute." (Pls.' Reply Br. 10.)

The federal-officer-removal statute permits the removal of an action initiated in state court against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . " 28 U.S.C. § 1442(a)(1). The provision at issue, Section 1442(a), is another "exception to the well-pleaded complaint rule, under which (absent

diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 811 (3d Cir. 2016) (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006)). In contrast to the general removal statute, "the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila*, 790 F.3d 457, 466-67 (3d Cir. 2015), *cert. denied*, 577 U.S. 1119 (2016) (quoting *Sun Buick, Inc. v. Saab Cars, USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994)).

To accomplish removal under the federal-officer-removal statute, the defendant must show:

> (1) [the defendant] is a "person" within the meaning of the statute; (2) the [plaintiff's] claims are based upon the [defendant's] conduct "acting under" the United States, its agencies, or its officers; (3) the [plaintiff's] claims against [the defendant] are "for, or relating to" an act under color of federal office; and (4) [the defendant] raises a colorable federal defense to the [plaintiff's] claims.

*Papp*, 842 F.3d at 812 (quoting *Def. Ass'n*, 790 F.3d at 467).

In *Maglioli*, the Third Circuit clarified that "nursing homes are private parties, not federal actors." 16 F.4th at 404. Nursing homes such as Defendants "may nevertheless invoke federal-officer removal if they show they were 'acting under' federal officers." *Id.* (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)). Mere compliance with federal law and regulations is not enough to establish that the entity was "acting under" federal officers, *see Watson*, 551 U.S. at 153, nor is the execution of "activities [that] are highly supervised and monitored[,]" *see id.* Defendants must demonstrate something beyond regulation or compliance. *Maglioli*, 16 F.4th at 404. They must show "that their actions 'involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior.'" *Id.* (quoting *Watson*, 551 U.S. at 152) (emphasis in original). The Third Circuit held that "[t]he nursing homes here do not assist or help carry out the duties of

11

a federal superior," they "are not government contractors," they do not "have a close relationship with the federal government," they are "not delegated federal authority," and they do not "provide a service that the federal government would otherwise provide." *Id.* at 405 (citing *Def. Ass'n*, 790 F.3d at 469). Defendants here were the very same nursing home defendants evaluated by the Third Circuit in *Maglioli*. *Id.* The Court can discern no reason to deviate from the Third Circuit's ruling in *Maglioli*, which involved the exact parties at issue in this action.

### IV.     CONCLUSION

The Third Circuit has clearly instructed that adjudication of this matter is most appropriately before the New Jersey Superior Court, Law Division, Ocean County. The Court, therefore, grants Plaintiffs' Motion, and this matter will be remanded for all further proceedings. An appropriate Order will follow.

**Dated:** March 31, 2023

/s/ *Georgette Castner*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**